IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YASMEEN STURDIVANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-3316 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| LEO HERNANDEZ, MATTHEW ) | |
| GRUCA, RAY McCLUSKEY, and ) | |
| CHRISTINE RODRIGUEZ, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yasmeen Sturdivant ("Plaintiff") brings suit against Sheriff Ray McCluskey, Sergeant Leo Hernandez, Christine Rodriguez, and Matthew Gruca (collectively, "Defendants") for alleged violations of her due process and equal protection rights in connection with the service of an eviction notice on a home that Plaintiff occupied in Crete, Illinois. Currently before the Court are Gruca and Rodriguez's motion to dismiss [11], McCluskey and Hernandez's motion to dismiss [22], and Plaintiff's motion for summary judgment [26]. For the reasons that follow, Defendants' motions to dismiss, [11] and [22], are granted and Plaintiff's motion for summary judgment [26] is denied. The Court will enter a final judgment and close the case.

**I.    Background[1]**

This lawsuit arises out of the foreclosure of Plaintiff's mortgage on a property located at 23820 South Sara Court in Crete, Illinois (the "Property") and subsequent attempts to evict Plaintiff from the Property. In 2008, U.S. Bank National Association ("US Bank") brought suit

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pled allegations set forth in the complaint [1]. See *Mutter v. Madigan*, 17 F. Supp. 3d 752, 756 (N.D. Ill. 2014). Since Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court also takes into consideration the evidence submitted by the parties to determine if jurisdiction exists. See *County of Cook v. HSBC N. Am. Holdings Inc.*, 136 F. Supp. 3d 952, 958 (N.D. Ill. 2015).

against Plaintiff in the Circuit Court for Will County, Illinois ("Circuit Court") to foreclose Plaintiff's mortgage on the Property. See [22-1]. The Circuit Court granted US Bank's motion for foreclosure and sale and ordered a judicial sale of the property. See *id.* at 4. The Property was sold to US Bank and the sale was approved by the Circuit Court on October 28, 2014. See [22-2]. The Circuit Court's order directed the Sheriff of Will County to "place [US Bank] in possession of the" Property and "to evict" Plaintiff from the Property. *Id.* at 3. The order also stated that US Bank or its assignee "shall be entitled to possession of the subject premises 30 days after entry of this Order, without further Order of Court, as provided in 735 ILCS 5/15-1701." *Id.*; see also 735 ILCS 5/15-1701(d) ("The holder of the certificate of sale or deed issued pursuant to that certificate . . . shall be entitled to possession of the mortgaged real estate, as of the date 30 days after the order confirming the sale is entered, against those parties to the foreclosure whose interests the court has ordered terminated, without further notice to any party, further order of the court, or resort to proceedings under any other statute other than this Article." *Id.* § 5/15-1701(d)).

On October 15, 2015, US Bank filed a complaint against "Unknown Occupants" of the Property in the Circuit Court, claiming possession of the Property. [22-5]. On January 8, 2016, the Circuit Court granted US Bank's motion for an order of forcible entry and detainer. [22-6]. On January 25, 2016, the Will County Sheriff's Office placed a final eviction notice on the Property, directed to "Occupants." [22-7]. The eviction notice stated that "[t]he courts have rendered a Judgment against you for the possession of the premises" and warned that occupants would be forcibly evicted as soon as November 27, 2016. *Id.* at 2. On March 1, 2016, the Will County Sheriff's Office placed another final eviction notice on the Property, directed to "Unknown Occupants." [22-8]. On March 7, 2016, Sheriff Ray McCluskey delivered another

notice to "Occupants" of the Property warning them that the eviction would occur on March 17, 2016 beginning at 8:30 a.m. [22-9].

On March 15, 2016, Plaintiff filed the instant action under 42 U.S.C. § 1983 against Sheriff McCluskey, Sergeant Leo Hernandez, Christine Rodriguez, and Matthew Gruca. See [1] at 1. The complaint acknowledges that the eviction notices described above were placed on the Property. It further alleges that after Plaintiff received the March 7, 2016 notice, she called Sergeant Hernandez and told him she was not an "unknown occupant," and Hernandez told her that she would be evicted. [1] at 3. The complaint alleges that Plaintiff then called Rodriguez, an attorney at Pierce & Associates, P.C., and Rodriguez also advised Plaintiff that she would be evicted. *Id.* (Although Plaintiff does not explain who Defendant Gruca is or what connection he has to this case, Gruca's motion to dismiss clarifies that he is also an employee of Pierce & Associates, P.C. See [12] at 4.) The complaint denies that the Sheriff's Office had a right to evict Plaintiff and asserts that Rodriguez provided Plaintiff with inaccurate legal advice by telling her that she would be evicted. Plaintiff seeks unspecified declaratory and injunctive relief and $50,000 in damages for pain and suffering.

## II.     Defendants' Motions to Dismiss [11], [22]

### A.     Legal Standard

The dispositive issue before the Court is whether Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine. This doctrine "precludes federal courts from engaging in appellate review of state court decisions or from considering collateral attacks on state court civil judgments," and therefore a *Rooker-Feldman* challenge is brought under Federal Rule of Civil Procedure 12(b)(1), which challenges the Court's subject-matter jurisdiction. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 553 (7th Cir. 1999); see also Fed. R. Civ. P. 12(b)(1).

For purposes of a motion to dismiss under Rule 12(b)(1), the Court "accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor." *Mutter*, 17 F. Supp. 3d at 756. In ruling on the motion, the district court may look beyond the jurisdictional allegations alleged in the complaint and take into consideration whatever evidence has been submitted on the issue to determine if subject matter jurisdiction exists. *HSBC N. Am. Holdings*, 136 F. Supp. 3d at 958. Therefore, in ruling on Defendants' motions, the Court will consider both the allegations in Plaintiff's complaint and the documents attached to Defendants' motions. The burden of proof is on the party asserting that jurisdiction exists—here, Plaintiff. *Id.*; see also *Gonzalez v. Bank of Am., N.A.*, 2014 WL 26283, at *2 (N.D. Ill. Jan. 2, 2014) ("the plaintiff bears the burden of establishing the basis for the court's jurisdiction").

**B.     Analysis**

Defendants argue that Plaintiff's complaint should be dismissed because, among other reasons, it is barred by the *Rooker-Feldman* doctrine in that it is a direct attack on orders entered by the Will County Circuit Court.

Pursuant to the *Rooker–Feldman* doctrine, which takes its name from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983), lower federal courts such as this one do not have the authority to hear cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The doctrine applies in two instances. "The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). "The

second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision," but are nonetheless inextricably intertwined with the state court's decision. *Id.* "[T]he thrust of the 'inextricably intertwined' inquiry asks whether 'the district court is in essence being called upon to review the state-court decision.'" *Id.* (quoting *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004)). In either instance, "[n]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir. 2000).

Thus, the Court must assess whether Plaintiff's claims ask the Court to overturn or are inextricably intertwined with the Will County Circuit Court's judgments in the underlying foreclosure action. Although the complaint's allegations are unclear, Plaintiff appears to be asserting that (1) Hernandez and McCluskey had no right to evict her because the eviction notices did not specifically name her, as allegedly required by Illinois' foreclosure laws; (2) Rodriguez incorrectly told Plaintiff that she would be evicted based on these ineffective eviction notices; and (3) Defendants' actions therefore violated Plaintiff's rights to due process and equal protection.

All three of these arguments flow from the premise that the eviction notices were invalid under Illinois foreclosure laws.[2] Plaintiff's discussion of Illinois law is unclear but, as best the

---

[2] Plaintiff cites to three provisions of the Illinois foreclosure laws which have no apparent relevant to her legal or factual claims. First, she cites to 735 ILCS 5/15-1505(g), a subsection of the Illinois statutes that does not exist. See [26] at 2. Second, she cites to 735 ILCS 5/15-1508(a), which requires the person conducting a foreclosure sale to make a prompt report to the court. See [26] at 2-3. Plaintiff's complaint does not contain any allegations concerning a foreclosure sale or report to the court. Third, she cites to735 ILCS 5/15-1701(h), which authorizes the purchaser at a foreclosure sale to "file a supplemental petition for possession against a person not personally named as a party to the foreclosure." 735 ILCS

Court can gather, Plaintiff intends to rely on 735 ILCS 5/15-1508(g) to support her argument that the eviction notices were invalid due to their failure to specifically name her. See [26] at 2. Section 5/15-1508(g) "prohibits execution of a possession order which authorizes removal of generically described persons from mortgaged premises." *Fairbanks Capital v. Coleman*, 816 N.E.2d 695, 701 (Ill. App. 2004) (citing 735 ILCS 5/15–1508(g)). Plaintiff's complaint, in essence, calls on the Court to review the Circuit Court's October 28, 2014 possession order. *Brown*, 668 F.3d at 442. The Court cannot hold that Section 5/15-1508(g) entitled Plaintiff to be specifically named on the eviction notice without calling into question the Circuit Court's October 28, 2014 possession order; nor can the Court hold that Defendants violated Plaintiff's due process or equal protection rights by serving the eviction notices or providing legal advice that the eviction notices applied to Plaintiff. The October 28, 2014 order granted possession of the Property to US Bank and entitled US Bank to "possession of the subject premises 30 days after entry of this Order, without further Order of Court." [22-2] at 3. It also specifically ordered the Will County Sheriff to evict Plaintiff. *Id.* ("the Sheriff is further ordered to evict: YASMEEN STURDIVANT; now in possession of the premises commonly known as 23820 SOUTH SARA COURT, CRETE, IL 60417").

This case is similar to *Allen v. Heritage Place Homeowners Ass'n*, 2014 WL 2700843, *2 (N.D. Ill. June 13, 2014). There, the Court held that the *Rooker-Feldman* doctrine barred the plaintiffs' claim that they were improperly evicted from a property because they were not named in a state lawsuit, where ruling in the plaintiffs' favor would undermine the state court ruling awarding possession of the property to one of the defendants. *Id.* at *2; cf. *Taylor*, 374 F.3d at 532 (finding that *Rooker–Feldman* barred the plaintiff from attacking state-court foreclosure

---

5/15-1701(h). This provision is not applicable to Plaintiff, because she was personally named as a party to US Bank's foreclosure action. See [22-1].

judgment or seeking damages from the foreclosure of the property). Therefore, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and the Court does not have subject matter jurisdiction over Plaintiff's complaint.

### III. Plaintiff's Motion for Summary Judgment [26]

Because the Court lacks jurisdiction over Plaintiff's complaint, the Court has no authority to entertain Plaintiff's motion for summary judgment. Therefore, the motion for summary judgment [26] is denied.

### IV. Conclusion

For the forgoing reasons, Gruca and Rodriguez's motion to dismiss [11] is granted, McCluskey and Hernandez's motion to dismiss [22] is granted, and Plaintiff's motion for summary judgment [26] is denied. The Court will enter a final judgment and close the case.

Dated: January 30, 2017

Robert M. Dow, Jr.
United States District Court Judge